1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  DANIEL PASTOR (CABN 297948)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        daniel.pastor@usdoj.gov
8
   Attorneys for United States of America
9
                           UNITED STATES DISTRICT COURT
10
                          NORTHERN DISTRICT OF CALIFORNIA
11
                                SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,        )  CASE NO. 24-MJ-71204 MAG
                                      )
14 |       Plaintiff,                 )  [PROPOSED] **AS MODIFIED** DETENTION
                                      )  ORDER
15 |    v.                            )
                                      )
16 | BRIAN EDWARD MAY,                )
                                      )
17 |       Defendant.                 )
                                      )
18

19      On August 12, 2024, defendant Brian Edward May was arrested in the Northern District of

20 California on an arrest warrant issued pursuant to an Indictment returned in the Southern District of

21 Texas, Case No. 7:24-cr-00925-1, charging him with Enticement of a Minor, in violation of Title 18

22 United States Code Section 2422(b).

23      This matter came before the Court on August 13, 2024, for a detention hearing. The defendant

24 was present and represented by Federal Public Defender Jodi Linker. Assistant United States Attorney

25 Daniel Pastor appeared for the government. The government moved for detention, and the defendant

26 opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

27      Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28 the record, the Court found by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of the community.  Accordingly, the defendant is ordered detained pending trial in this matter.

The present order supplements the Court's verbal findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:  Defendant was arrested in April 2023 in McAllen, Texas by police after exchanging sexually explicit chats with an undercover officer posing as a 14-year-old girl.  The defendant was at that time a federal contract IT employee with Homeland Security Investigations (HSI) in South Texas.  At the time of his April 2023 McAllen arrest, the defendant acknowledged to police that he had exchanged messages with a person who told him that she was a 14-year-old female.  He then appeared at the location where he and the purported 14-year-old had agreed that they would meet for sex.

Around the time of the McAllen arrest, the defendant's electronic devices were seized and forensically searched for evidence of the enticement of minors and child sexual abuse material (CSAM).  In one chat found on the defendant's devices on the app Kik, the defendant communicated with "Jessie" about meeting for sex.  Jessie told the defendant she was watching her elementary school age cousins, and the defendant made statements indicating his interest in sex with the minors.  In other chats found on his seized devices, the defendant received videos of child pornography from others via Kik.

When federal agents arrested the defendant in Rohnert Park, California on August 12, 2024, agents questioned the defendant about what material would be found on the phone that they seized.  The defendant explained to agents that he had obtained the phone after being released on bond on Texas state charges for the April 2023 arrest and returning to Northern California. The defendant admitted to agents that since obtaining the new phone, he had taken part in a chat with other adult men on the app Sessions in which images of a minor were exchanged.  The government proffered that the image was sexual in nature.  The government also proffered that defendant used the Whisper app on his new phone and further told agents that there was material on his phone that he had not yet had a chance to delete. The defendant denied agents consent to search the contents of the phone that was seized when he was arrested on August 12, 2024.

1    In opposition to the government's request for detention, Defendant pointed out that he can been
2  released on bond for the state charge filed in Texas arising from his arrest in 2023 and allowed to return
3  home to California.  Since his release, he complied by reporting weekly and had no violations.  He has
4  maintained regular employment as an IT professional at a local bank, and his wife was willing to serve
5  as a custodian and surety.
6    The Court noted that a presumption in this case favors pretrial detention.  As there is probable
7  cause of an alleged crime involving a minor, subject to rebuttal by the defendant, it shall be presumed
8  that no condition or combination of conditions will reasonably assure the appearance of the person as
9  required and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(E).
10    The Court considered the factors under 18 U.S.C. § 3142(g) and determined that the record did
11  not support a finding that the defendant would likely fail to appear, as he is a long-time resident and has
12  regularly reported to the bond office while on release.  Yet, the record does raise serious concerns about
13  the danger that the defendant poses to the community.  The weight of the evidence against the
14  defendant, which the Court has considered, is the least important factor under existing Ninth Circuit
15  precedent.  However, the other 3142(g) factors, assessed in their totality, indicate that the defendant
16  poses an ongoing risk to community safety.  The charge against the defendant involves knowingly
17  persuading, inducing, enticing or coercing a person under the age of 18 years old to engage in
18  prostitution or any sexual activity for which any person can be charged with a criminal offense.  18
19  U.S.C. § 3142(g)(1).  The circumstances of his arrests in Texas and California indicate that the
20  defendant has been willing to use mobile devices to communicate with and about minors for sexual
21  gratification.  With respect to his background, the defendant is an information technology professional
22  who, on account of his expertise, can access mobile phones and other internet connected technology, and
23  has demonstrated a facility in using various communication apps to engage in surreptitious activity and
24  to communicate with and about minors.  18 U.S.C. § 3142(g)(2).  The defendant did not have a history
25  of arrests prior to 2023, but before and after his arrest in Texas, he used several apps, such as Whispers,
26  Kik, and Session, that are known platforms to engage in anonymous communications that ease illicit
27  criminal activity.  The defendant admitted to having used his new phone to communicate with other men
28  in a chat that involved the exchange of a sexualized image of a minor.  The nature and seriousness of the

danger posed by the defendant's release is that young children and teenagers, through ready access to mobile phones and lack of experience, may be engaged by the defendant for the purpose of some form of direct or indirect child sexual exploitation.

As required under the Bail Reform Act, the Court has considered conditions for release that could mitigate the risks of danger to the community. The proposed conditions, including location monitoring and prohibiting access to personal mobile phones and computers, do not sufficiently control the defendant's access and use of technology to reasonably assure the community's safety. Mobile phones and computer access to the internet is ubiquitous. While at work, in transit, or even at home through nearby family or friends, the defendant could find readily available opportunities to acquire a phone or some other method of accessing the internet. And, according to government proffers, his conduct indicates an ongoing sexual interest in minors and continued use of apps that facilitate anonymous communications. In assessing the risk of danger, the Court has considered not only the possibility that the defendant would engage again in the alleged enticement behavior, but he could also partake in other types of illegal conduct related to the sexual exploitation of minors. The Bail Reform Act calls for the Court to consider "the safety of any other person and the community," and not simply the possibility that the defendant will engage in the same conduct of which he has already been accused. *See* 18 U.S.C. § 3142(g)

The finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

//

//

//

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 19, 2024

_____
HON. LISA J. CISNEROS
United States Magistrate Judge